IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION C. WOLFE, JR.,

    Plaintiff,                           No. CIV S-05-1817 MCE JFM P

    vs.

JEANNE S. WOODFORD, et al.,

    Defendants.                     FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants Knowles, Palmer and Woodford violated his rights under the First, Eighth and Fourteenth Amendments by failing to properly train, supervise or take corrective measures against defendant Reuter for his alleged improper conduct.  On March 6, 2006, defendant s Knowles, Palmer and Woodford filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]  After receiving an extension of time, plaintiff filed an opposition to the motion to dismiss on March 28, 2006.

        Defendants seek dismissal of the complaint on the grounds that plaintiff has failed to state facts upon which relief can be granted.

/////

---

[1] On December 21, 2005, plaintiff was advised of the requirements for opposing a motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003).

1

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

In his complaint, plaintiff alleges that while he was incarcerated at California State Prison, Folsom, on May 6, 2004, defendant Reuter asked plaintiff to sign a staff complaint form regarding an incident with another staff member. (Complaint at 5-6.) Plaintiff refused to sign the form because it did not accurately set forth the events that occurred. (Id.) Later that day, plaintiff was in the prison law library and defendant Reuter ordered staff to remove plaintiff and place him in a two foot by two foot metal cage for two hours. (Complaint at 6-7.)

Plaintiff filed a prison grievance on May 20, 2004 based on the events of May 6, 2004. (Complaint at 9.) Plaintiff alleges defendants Knowles and Palmer became aware of these facts during the inmate grievance process. (Complaint at 9.) Moreover, plaintiff alleges he sent a letter on June 6, 2004 to defendant Woodford notifying her of the events of May 6, 2004. (Complaint at 9.) Plaintiff contends that defendants Knowles, Palmer and Woodford "held management positions" (Complaint at 8) and "failed to supervise, train, or take corrective actions to dissuade such violations when brought to their attention." (Complaint at 8.)

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

>Constitution . . . shall be liable to the party injured in an action at
>law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's claims against defendants Knowles, Palmer and Woodford are solely based on a theory of respondeat superior and/or supervisor liability.  No liability for a federal civil rights violation may be based on respondeat superior or another theory of vicarious liability.  Monell v. Dept. of Social Services of the City of New York, et al., 436 U.S. 658, 690-92 (1978); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); see Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986).  Plaintiff has alleged no facts demonstrating personal conduct by these defendants; rather, plaintiff states they became aware of defendant Reuter's acts after the fact.  The fact these defendants were made aware of defendant Reuter's conduct after it had occurred is insufficient to demonstrate a causal connection between the alleged harm and

1 defendant Reuter's conduct.  Plaintiff's generic statements concerning failure to train or properly
2 supervise, without more, are also insufficient.  Defendants' motion to dismiss is, therefore, well
3 taken and should be granted.
4        Accordingly, IT IS HEREBY RECOMMENDED that defendants' March 6, 2006
5 motion to dismiss be granted and plaintiff's claims against defendants Knowles, Palmer and
6 Woodford be dismissed.
7        These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
14 DATED:  November 30, 2006.

                             /s/ [signature]
                             UNITED STATES MAGISTRATE JUDGE

18 001; wolf1817.mtd